44 N.J. Super. 501 (1957)
130 A.2d 901
STATE OF NEW JERSEY, PLAINTIFF,
v.
THE NATIONAL STATE BANK OF NEWARK, A CORPORATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 10, 1957.
*502 Mr. Howard T. Rosen, attorney for plaintiff.
Messrs. Darby & McDonough (Mr. William G. Wood appearing), attorneys for defendant.
SULLIVAN, J.S.C.
This case poses a novel point. Plaintiff, the State of New Jersey, has filed proceedings against defendant, the National State Bank of Newark, under the 14-year Escheat Act, N.J.S. 2A:37-11 et seq.
Briefly, the complaint charges that the defendant has in its custody or possession personal property which has escheated to the State under the aforesaid act. Defendant has filed an answer setting forth that it has $436.50 in unclaimed funds in its trust department which are subject to escheat, and also the contents of 105 safe deposit boxes which defendant says have escheated to the State. These safe deposit boxes contain nothing of substantial value and the parties have stipulated that the cost to the plaintiff of providing *503 notice of this action by publication and posting in accordance with N.J.S. 2A:37-18 and N.J.S. 2A:37-19, to the persons listed as owners of the contents of these safe deposit boxes, would exceed the value of the contents. It is further stipulated that upon a sale the State would realize less money than it expended to provide notice of the action, even if the $436.50 in trust moneys is taken into account. In addition, the defendant bank by its answer has asserted a lien of $3,589.14 against the contents of the safe deposit boxes for unpaid rental charges. Any proceeds of sale would first be applied to the payment of this lien.
In the light of the foregoing, the State has asked for a judgment of escheat only as to the trust money, and not as to the contents of the safe deposit boxes. The defendant bank, on the other hand, says that the State must take "the good with the bad," and cannot refuse to accept all of the aforementioned property.
The mere lapse of the 14-year statutory period specified in N.J.S. 2A:37-13 does not work a completed escheat. The other statutory provisions must be complied with, and until the State has obtained a judgment "declaring that the property * * * has escheated to the State," it has not perfected its escheat claim. Mahr v. State, 12 N.J. Super. 253 (Ch. Div. 1951).
Does the Escheat Act, N.J.S. 2A:37-11 et seq., require the State to take over all unclaimed personal property? Assuredly not. Implied in the statutory reference to "personal property" that shall escheat to the State is the proposition that it means personal property having some substance or value to it. Otherwise any one with a lot of unclaimed junk (a warehouseman for example) could put the State on notice, make the State take the property off his hands and thus relieve himself of any further responsibility.
Where it appears that the expenses of bringing escheat proceedings would exceed the value of the property involved, there is no obligation on the State, under the statute, supra, to either commence or complete escheat proceedings.
*504 Therefore where, in an escheat proceeding brought under the statute, supra, it appears from the answer that the defendant is in possession of worthless items of unclaimed property, the State may refuse to apply for a judgment as to these items. There are of course, limitations on the State's right of selection. In this particular case, however, the State may properly apply for a judgment of escheat as to the trust moneys only.
As a matter of fact, it appears from the stipulation filed herein that the defendant bank's lien of $3,589.14 for unpaid rentals is far in excess of the value of the contents of the safe deposit boxes. That being so, there is really nothing to escheat in the first place.
Defendant is not without any recourse. N.J.S.A. 17:14-7 establishes a procedure for the enforcement of safe deposit box liens and the disposal of the contents of safe deposit boxes subject to such a lien.
Judgment will be entered in conformity with the above.